**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TERRY WAYNE DOYLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0507-CVE-SAJ** |
| | ) | |
| **JUSTIN JONES, Director,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**OPINION AND ORDER**</u>

Before the Court in this habeas corpus action is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8). Respondent has also filed a brief in support of the motion. (Dkt. #9). Petitioner, a state inmate appearing <u>pro se</u>, has filed a response to the motion to dismiss (Dkt. # 10). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was timely filed and Respondent's motion to dismiss shall be denied.

***BACKGROUND***

Petitioner, Terry Wayne Doyle, was convicted by a jury of Possession of a Firearm, AFCF in Tulsa County District Court, Case No. CF-03-5403. He was sentenced to fifty years imprisonment. Doyle then appealed his judgment and sentence. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the district court's ruling on March 10, 2006. (Dkt. # 9, Ex. 2). Nothing in the record indicates Doyle sought <u>certiorari</u> review in the United States Supreme Court. On June 8, 2007, the Court Clerk of the Tulsa County District Court received Doyle's application for post-conviction relief. (Dkt. # 10, Ex. A) (copy of certified mail return receipt "green card"). The Court Clerk processed the application on June 11, 2007. (Dkt. # 9, Ex. 3). The district court

denied post-conviction relief by order filed July 19, 2007 (Dkt. # 9, Ex. 3).  On August 20, 2007,

Doyle filed his petition in error in the OCCA, seeking reversal of the district court's denial of post-

conviction relief.  (Dkt. # 9, Ex. 4).  On November 5, 2007, the OCCA affirmed the district court's

denial of post-conviction relief (Dkt. # 9, Ex. 5).

On September 7, 2007, Doyle filed the instant petition for writ of habeas corpus. (Dkt. #1).

### ANALYSIS

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas

corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B),

(C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

2

Under § 2244(d)(1)(A), Doyle filed his habeas petition within the one-year limitations period. Doyle's conviction became final on June 8, 2006, after the ninety day time period for filing a petition for writ of <u>certiorari</u> in the United States Supreme Court had lapsed. <u>See</u> <u>Locke v. Saffle</u>, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on June 8, 2006, and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 8, 2007, would be untimely. <u>See</u> <u>United States v. Hurst</u>, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Because the running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the one-year period, 28 U.S.C. § 2244(d)(2), Doyle's application for post-conviction relief, filed on June 8, 2007, tolled the running of the limitations period while the proceeding remained pending. Because Doyle's post-conviction proceeding remained pending until the OCCA affirmed the district court's denial of post-conviction relief on November 5, 2007, his petition for writ of habeas corpus filed on September 7, 2007, was timely.

In the motion to dismiss as time barred, respondent argues that Doyle's petition for writ of habeas corpus was untimely because the application for post-conviction relief did not serve to toll the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. <u>See</u> <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Respondent claims that Doyle filed the application for post conviction relief on the file-stamp date, June 11, 2007, three days after the expiration of the limitations period. However, this interpretation of when a document is considered filed is not in accord with Oklahoma case law. The OCCA held that a document is considered filed when "it is delivered into the actual

3

custody of the officer designated by the statute . . . and the placing by the officer of his mark or indorsement upon such instrument is only a memorandum or evidence that the filing was made." Moore v. Gibson, 27 P. 3d 483, 486-487 (Okla. Crim. App. 2001) (quoting Norris v. Cross, 105 P. 1003 (Okla. 1909)).  Also, when a discrepancy exists between the delivery date and the indorsement date, the delivery date is dispositive: "The file-stamp date does not always reflect the date of filing because filing means 'delivery of the instrument to the proper custodian.'"  Id. at 487 (quoting Razorsoft, Inc. v. Maktal, Inc., 907 P.2d 1102, 1103 (Okla Civ. App. 1995)).  See also Burger v. Scott, 317 F.3d 1133, 1140 (10th Cir. 2001) (under Oklahoma law, a document is filed when it is received by the court clerk and courts can consider other evidence besides the file-stamp date when determining the filing date).

Doyle has provided evidence demonstrating that the Court Clerk for Tulsa County District Court received his application for post-conviction relief on June 8, 2007.  (Dkt. #10, Ex. A).  The Court Clerk for Tulsa County District Court was the proper officer to receive the application because she was "the clerk of the court imposing judgment."  Okla. Stat. tit. 22, § 1081.  Doyle filed the application on June 8, 2007, because he "delivered [the application] into the actual custody of the officer designated by statute," regardless of the June 11, 2007, file-stamp date.  Moore, 27 P.3d at 486-487.  The Court finds that the application for post-conviction relief served to toll the limitations period and, thus, Doyle timely filed his petition for writ of habeas corpus.

*CONCLUSION*

Because Petitioner timely filed his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations should be **denied**.


**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 8) is **denied**.

2. Respondent shall respond or otherwise plead to the petition for writ of habeas corpus within thirty (30) days of the entry of this Order.  Extensions of time will be granted for good cause only.  See Rule 4, Rules Governing § 2254 Cases.

3. Petitioner may file a reply brief within thirty (30) days after the filing of Respondent's response.  If Respondent files a motion to dismiss, Petitioner has eighteen (18) days from the filing date of the motion to respond.  Failure to respond may result in the automatic dismissal of this action.  See  LCvR 7.2(f).

**DATED** this 12th day of June, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT