**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TERRY WAYNE DOYLE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 07-CV-0507-CVE-SAJ |
| | ) |
| **JUSTIN JONES, Director,** | ) |
| | ) |
| **Respondent.** | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. By Order filed December 10, 2008 (Dkt. # 23), the Court denied Petitioner's "motion for compliance with Rule 5/motion for extension of time to reply"(Dkt. # 21) and set December 26, 2008, as the final deadline for Petitioner's filing of a reply to Respondent's response. On December 24, 2008, Petitioner filed a motion to reconsider the Court's ruling. For the reasons discussed below, the Court finds Petitioner's motion to reconsider should be granted in part and denied in part.

Whether to grant or deny a motion for reconsideration is committed to the Court's discretion. Price v. Philpot, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) (reviewing denial of motion for reconsideration for abuse of discretion); Hancock v. Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988). "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." Nova Health Sys. v. Edmondson, 460 F.3d 1295, 1299 (10th Cir. 2006) (internal quotations omitted). Petitioner alleges the Court erred in denying his "motion for compliance." In the challenged Order, the Court denied Petitioner's request for documents after finding that he had not established entitlement to copies of the trial transcripts and state court record. In his motion to reconsider, Petitioner states that in addition to the state court record, he is also seeking a copy of Respondent's

response to the petition because he never received a copy at the time it was filed. See Dkt. # 25.[1] Based on Petitioner's averment, the Court shall grant Petitioner's motion to reconsider, but only to ensure that Petitioner receives a copy of Respondent's response. To that end, the Court shall direct the Clerk to send Petitioner a copy of the response. Furthermore, the Court shall grant Petitioner an additional fifteen (15) days from the date of this Order to file a reply to Respondent's response.

Petitioner has failed, however, to convince the Court of clear error in the prior ruling denying his request to be provided copies of the trial transcripts and the state court record. See Ruark v. Gunter, 958 F.2d 318 (10th Cir. 1992); Hines v. Baker, 422 F.2d 1002, 1006 n. 9 (10th Cir.1970). Petitioner's request for reconsideration of that ruling shall be denied. In addition, Petitioner has provided no explanation for waiting 3 months beyond the response deadline to seek a copy of the response and the state court records. As a result, the Court will not consider further requests for additional time to file a reply.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to reconsider (Dkt. # 25) is **granted in part** and **denied in part** as discussed herein.

2. The Clerk is directed to send Petitioner a copy of Respondent's response (Dkt. # 17).

---

[1] On December 8, 2008, Respondent filed a response (Dkt. # 22) to Petitioner's "motion for compliance," objecting to the requested relief and stating that the response was mailed to Petitioner at the Lawton Correctional Facility at the time of filing. On December 18, 2008, or eight (8) days after entry of the Order denying the "motion for compliance," Petitioner filed a reply (Dkt. # 24) to Respondent's response to the motion, clearly stating for the first time that although he received the two (2) page document entitled "State Trial Court Records," he never received Respondent's response to the petition for writ of habeas corpus.

3. Within fifteen (15) days of the entry of this Order, or on or before **January 14, 2009**, Petitioner shall file a reply to Respondent's response. This is a final deadline and no further requests for additional time will be considered.

**DATED** this 30th day of December, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3