# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TERRY WAYNE DOYLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0507-CVE-TLW** |
| | ) | |
| **JUSTIN JONES, Director,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Terry Wayne Doyle, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 17), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 17, 18, and 19). Despite being afforded two extensions of time to file a reply, see Dkt. ## 23, 26, Petitioner failed to comply with the Court's Orders and did not file a reply within the time period allowed by the Court. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On September 8, 2003, at approximately 2:40 a.m., Tulsa Police Officer Jeff Downs effected a traffic stop of a vehicle driven by Petitioner Terry Wayne Doyle. Petitioner was the only occupant of the vehicle. As the vehicle was preparing to stop, Officer Downs saw Petitioner throw a dark object out of the driver's window. The object, recovered by backing officer Albert Caballero, was a .25 caliber handgun.

As a result of those events, Petitioner was arrested and charged with Felonious Possession of a Firearm, After Former Conviction of Two Felonies, in Tulsa County District Court, Case No.

CF-2003-5403. On September 20-22, 2004, Petitioner was tried by a jury in a two stage trial. At the conclusion of the first stage, the jury found Petitioner guilty of Felonious Possession of a Firearm. At the conclusion of the sentencing phase, the jury found Petitioner guilty of Felonious Possession of a Firearm, After Former Conviction of a Felony, and recommended a sentence of fifty (50) years imprisonment. Petitioner was represented during trial by attorney Gina Crabtree.[1] On January 27, 2005, the trial judge sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented at sentencing by attorney Cliff Stark.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney James L. Hankins, Petitioner raised the following propositions of error:

Proposition 1: Doyle received constitutionally ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments; and Article II, Sections 7 and 20 of the Oklahoma Constitution.

Proposition 2: Doyle's trial was fundamentally unfair when the State was allowed to introduce evidence of his prior felony conviction during first stage proceedings pursuant to this court's decision in *Chapple v. State*, 1993, OK CR 38, 866 P.2d 1213.

Proposition 3: The accumulation of error resulted in a fundamentally unfair trial.

Proposition 4: The sentence imposed is excessive and must be modified.

See Dkt. # 17, Ex. 2. In an unpublished summary opinion filed March 10, 2006, in Case No. F-2005-157 (Dkt. # 17, Ex. 4), the OCCA rejected each claim and affirmed the Judgment and Sentence of the trial court.

---

[1]     On October 19, 2004, or less than one month after Petitioner's trial, attorney Crabtree submitted her resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. See State ex rel. Oklahoma Bar Association v. Cowley, 106 P.3d 588 (Okla. 2004). None of the grievances underlying Ms. Crabtree's resignation related to Petitioner or his criminal proceedings in Tulsa County District Court. Id.

On June 11, 2007, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. See Dkt. # 17, Ex. 5. The state district court recognized five claims: (1) ineffective assistance of trial counsel, (2) errors during voir dire, denial of peremptory challenges, (3) prosecutorial misconduct, improper vouching for witnesses, (4) prosecutor knowingly used perjured testimony, and (5) ineffective assistance of appellate counsel. See Dkt. # 17, Ex. 7. By order filed July 19, 2007, id., the state district court denied post-conviction relief. Petitioner appealed. By order filed November 5, 2007, in Case No. PC-2007-831, see Dkt. # 17, Ex. 9, the OCCA affirmed the denial of post-conviction relief.

On September 7, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies nine grounds for relief. Grounds 1-4 are the claims raised on direct appeal and grounds 5-9 are the claims raised on post-conviction appeal. See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d), are without merit, or are procedurally barred. See Dkt. # 17.

## *ANALYSIS*

### A.      **Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies. See Dkt. # 17, ¶ 6. The Court agrees and finds that Petitioner has exhausted available state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's grounds one through four on direct appeal and his claim of ineffective assistance of appellate counsel on post-conviction appeal. Although Petitioner provides a "Statement of Facts Raised on Direct Appeal" and a "Statement of Facts Raised on Post-Conviction Relief," see Dkt. # 1, attachments, he makes no effort to explain how he is entitled to relief under § 2254(d). The Court will not craft an argument for Petitioner.  Nonetheless, the claims adjudicated on direct and post-conviction appeal will be reviewed pursuant to § 2254(d).

### 1. Ineffective assistance of trial counsel

In his first proposition of error, Petitioner asserts, as he did on direct appeal, that trial counsel provided ineffective assistance in making an unrealistic promise of acquittal, in failing to impeach Officer Downs with his own preliminary hearing testimony, in failing to challenge the lack of scratches on the gun, in failing to impeach the police officers with inconsistent testimony regarding who had "cleared" the gun, in failing to object to evidence of the gun being capable of firing, and in failing to object to introduction of Petitioner's prior felony conviction during the first stage. In its summary opinion affirming Petitioner's conviction and sentence, the OCCA ruled as follows:

> [T]he record shows that Appellant declined the State's plea offer and proceeded to trial after consulting with counsel, but that the decision was his own. The record also shows that Appellant voluntarily elected not to testify in his own defense. Appellant fails to demonstrate either that trial counsel misadvised him on the relative merits of his options, or that counsel's performances was professionally unreasonable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Scott v. State*, 2005 OK CR 3, ¶ 7, 107 P.3d 605, 607.

(Dkt. # 17, Ex. 4).

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a]

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Petitioner first claims that counsel provided ineffective assistance in advising him concerning the relative merits of the State's plea offer. To prevail on this claim, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness," and that his attorney's deficient performance was so prejudicial there is a reasonable probability that, but for her unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688. With respect to the first part, effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered. United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997). As for the prejudice prong, there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty. Id. (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Nothing in the record suggests and Petitioner does not allege that his attorney precluded him from accepting the plea offer or that Petitioner did not make the decision to reject the plea offer himself. In fact, the transcripts from Petitioner's trial proceedings reflect that the trial court judge

made a record twice regarding Petitioner's decision to reject the plea offer and proceed to trial.  See Dkt. # 19, Tr. Trans. Vol. I at 3-4; Vol. II at 77-79.  Petitioner repeatedly told the trial judge that it was his decision to reject the plea offer and to proceed with the jury trial.  Id., Tr. Trans. Vol. II at 78.  In addition, the following exchange took place at sentencing:

THE COURT:  Anything else you want to say to either one of your sentences today, Mr. Terry [sic]? Anything else you can think of?

THE DEFENDANT:  Yes, on the date that I was sentenced to the 50 years or --

THE COURT:  The jury recommended the 50 years.  Yes, sir.

THE DEFENDANT:  I was not in a pretty good state.  I was pretty emotional about it and I really wasn't explained everything that I feel like that I should have been explained to on that day from Ms. Crabtree.

THE COURT:  Although you recall my asking you, don't you sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  The state had recommended 12 years.  You told me you didn't want the 12 years.  You just wanted to go to jury trial.  You recall that, don't you?

THE DEFENDANT:  Yes, sir, I do.

THE COURT:  I asked if anybody forced you to give up your right to jury trial, and you told me, under oath, that you wanted to have a trial.  You do recall that, don't you?

THE DEFENDANT:  Yes, sir.

THE COURT:  So, did I force you to have a jury trial?

THE DEFENDANT:  No, sir.

THE COURT:  Did I force you not to take the 12 years?

THE DEFENDANT:  No, sir.

THE COURT:  You told me that was your choice.  Do you recall saying that, sir?

THE DEFENDANT: It was -- yes, sir.

THE COURT: Do you recall telling me that Ms. Crabtree didn't force you to give up the 12-year recommendation? Do you recall that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: That was your choice. Isn't that what you told me?

THE DEFENDANT: Yes, sir.

THE COURT: You told me that under oath; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: Was it true then?

THE DEFENDANT: As it is now.

THE COURT: Is it true now?

THE DEFENDANT: Yes, sir.

THE COURT: Anything else you want to tell me?

THE DEFENDANT: Just that she told me that she could beat the case, that's all. And I went off of that. Thank you, sir.

THE COURT: But it was your decision?

THE DEFENDANT: Yes, sir, it sure was.

THE COURT: Okay. To have a trial?

THE DEFENDANT: Yes, sir.

(Dkt. # 19, Sent. Trans. at 5-7). Despite several opportunities to accept the plea agreement offered by the State, Petitioner insisted on proceeding with the jury trial. Petitioner told the trial judge that the decision to reject the plea offer and proceed to trial was his own. Id. In addition, after the State rested in the first stage, Petitioner told the trial judge that he did not want to testify and that it was

his own decision.  See Dkt. # 19, Tr. Trans. Vol.  at 193-94.  Based on the trial record, the Court

finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard.

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or

an unreasonable application of federal law as determined by the Supreme Court.  28 U.S.C. §

2254(d).  He is not entitled to habeas corpus relief on this claim.

Petitioner also alleges that counsel provided ineffective assistance during trial when she

failed to impeach Officer Downs with his own preliminary hearing testimony, failed to challenge

the lack of scratches on the gun, failed to impeach the police officers with inconsistent testimony

regarding who had "cleared" the gun, failed to object to evidence of the gun being capable of firing,

failed to object to introduction of Petitioner's prior felony conviction during the first stage.  As to

Petitioner's claims concerning counsel's failure to impeach the police officers' testimony with prior

inconsistent testimony, the Court finds Petitioner has failed to satisfy the prejudice prong of the

Strickland standard. Petitioner has not demonstrated that had counsel impeached Officer Downs with

his preliminary hearing testimony, rather than the incident report, see Dkt. # 19, Tr. Trans. Vol. II

at 142-43, or had she impeached the officers' testimony regarding who had "cleared" the gun, the

results of the proceeding would have been different.  Also, Petitioner's complaint concerning

counsel's failure to challenge the lack of scratches on the gun is based on speculation, as nothing

in the record suggests that the gun lacked scratches.  In fact, Officer Caballero testified that when

he recovered the gun, it was "scraped up, a little dirty."  Id. at 159.

The Court further finds that Petitioner failed to demonstrate ineffective assistance of trial

counsel based on counsel's failure to object to evidence that the gun was "capable of firing."  On

direct appeal, see Dkt. # 17, Ex. 2 at 16, Petitioner cited Sims v. State, 762 P.2d 270, 272 (Okla.

Crim. App. 1988) ("[w]hether or not the pistol is capable of firing is not an element [of the offense of being a felon in possession of a weapon] that must be proven to sustain a conviction under [Okla. Stat. tit. 21,] section 1283"), and argued that because the State did not have to prove that the gun was operational, trial counsel provided ineffective assistance in failing to object to the testimony of the two police officers who "cleared" the gun, and of Dennis Fuller, forensic firearms examiner for the Tulsa Police Department, that the gun "functioned reliably."[2]  However, even if counsel performed deficiently, Petitioner has not demonstrated that the result of the proceeding would have been different if counsel had objected to the testimony.

Finally, trial counsel did not perform deficiently in failing to object to the introduction of Petitioner's prior felony conviction during the first stage. Under the facts of this case, the introduction of the prior felony conviction comported with procedures endorsed by the Oklahoma Court of Criminal Appeals, see discussion in Part B(3), infra.  As a result, Petitioner's claim that trial counsel provided ineffective assistance is without merit.

Petitioner has failed to demonstrate that the OCCA's adjudication of his ineffective assistance of trial counsel claims was an unreasonable application of Strickland.  He is not entitled to habeas corpus relief on these claims of ineffective assistance of trial counsel.  28 U.S.C. § 2254(d).

### 2.  Ineffective assistance of appellate counsel

In his application for post-conviction relief, see Dkt. # 17, Ex. 5, Petitioner claimed that his appellate counsel provided ineffective assistance when he failed to raise on direct appeal the other

---

[2]     Dennis Fuller testified at trial that he examined the firearm recovered at the scene, that it was a .25 caliber single action semi-automatic pistol, and that it "functioned reliably when I test fired it."  See Dkt. # 19, Tr. Trans. Vol. II at 188.

claims identified in the application for post-conviction relief. The state district court denied post-conviction relief, citing Strickland v. Washington, 466 U.S. 668 (1984), and concluding that "Petitioner's appellate counsel was reasonably competent." (Dkt. # 17, Ex. 7). On post-conviction appeal, the OCCA cited with approval the state district court's conclusion, but went further and stated that "failure [of appellate counsel] to raise even a meritorious claim does not, in itself, constitute deficient performance." See Dkt. # 17, Ex. 9 (internal citation omitted). That premise deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel *de novo*.

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel unless he satisfies the two-pronged Strickland standard discussed and applied above. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also

Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Petitioner argued in his post-conviction application that appellate counsel provided ineffective assistance because he failed to raise the following claims: (1) ineffective assistance of trial counsel for failing to act on his suspicion that the gun was planted by the police officers and for stipulating to his prior convictions, (2) errors by trial counsel during voir dire resulting in the denial of peremptory challenges, (3) prosecutorial misconduct in improperly vouching for the credibility of Officers Downs and Caballero, and (4) the prosecutor knowingly used perjured testimony.

### *a. omitted claims of ineffective assistance of trial counsel*

Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for failure to act on Petitioner's suspicion that the gun was planted by police officers[3] and for entering into a stipulation as to Petitioner's prior convictions. However, nothing in the record suggests and Petitioner does not allege that appellate counsel had reason to know of Petitioner's suspicion that the police officers planted the gun.[4]  Petitioner does not allege that he told appellate counsel that trial counsel knew of his theory and failed to act. Furthermore, nothing in the record, other than Petitioner's self-serving statements, supports his claim that trial counsel knew of his suspicion that the police officers planted the gun.  As a result, the Court cannot find that appellate counsel performed deficiently in failing to raise a claim of ineffective assistance of trial counsel for failing to act on Petitioner's suspicion.

The Court further finds that appellate counsel did not perform deficiently in failing to raise a claim of ineffective assistance of trial counsel for stipulating to his prior felony conviction.  Trial counsel's decision to stipulate to the conviction reflects sound trial strategy.  The ineffective assistance of trial counsel claim lacks merit.  Therefore, appellate counsel did not perform deficiently in failing to raise the claim.

---

[3]     In his "affidavit," see Dkt. # 1, attachment, Petitioner alleges that prior to his arrest, he had a relationship with Rebecca Franks, the ex-wife of Tulsa Police Officer Allen Franks. Petitioner theorizes that Officer Franks and his fellow police officers conspired to plant the gun and falsely arrest him. Id.

[4]     The OCCA made this same observation in affirming the state district court's denial of post-conviction relief.  See Dkt. # 17, Ex. 9 at 3.

### b. trial counsel errors resulting in denial of peremptory challenges

Next, Petitioner claims that appellate counsel provided ineffective assistance when he failed to allege that trial counsel provided ineffective assistance during voir dire when she failed to exercise all of the available peremptory challenges. The Sixth Amendment, as applicable to the states through the Fourteenth Amendment, and principles of due process guarantee a criminal defendant in state court an "impartial jury." <u>Ristaino v. Ross</u>, 424 U.S. 589, 595 n.6 (1976) (citations omitted); <u>Ross v. Oklahoma</u>, 487 U.S. 81, 85 (1988). "[T]he Constitution presupposes that a jury selected from a fair cross section of the community is impartial, regardless of the mix of individual viewpoints actually represented on the jury, so long as the jurors can conscientiously and properly carry out their sworn duty to apply the law to the facts of the particular case." <u>Lockhart v. McCree</u>, 476 U.S. 162, 184 (1986). In <u>Ross v. Oklahoma</u>, 487 U.S. 81 (1988), the Supreme Court specifically rejected the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. <u>Id.</u> at 88. "[P]eremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." <u>Id.</u> (citations omitted). Thus, any claim that the jury was not impartial must focus on the jurors who ultimately sat. <u>Id.</u> at 86.

In his petition, Petitioner never suggests that any of the 12 jurors was not impartial. He states in his "Statement of Facts Raised on Post-Conviction Appeal" (Dkt. # 1, attachment), that he "expressed his displeasure with several of the jurors to counsel, who only exercised one (1) preemptory [sic] challenge, thus denying petitioner his statutory number of preemptory [sic] challenges, and forced petitioner to trial with unwanted jurors numbers #2, #3, #7, & #8." <u>Id.</u>

Although Petitioner describes several of the jurors as "unwanted," he does not allege that any member of his jury was not impartial. Petitioner has failed to demonstrate that trial counsel performed deficiently during voir dire. As a result, appellate counsel did not perform deficiently in failing to raise this claim on direct appeal.

### c. prosecutorial misconduct -- improper vouching for witness credibility

Petitioner also asserts that the prosecutor impermissibly vouched for the credibility of the state's witnesses, "in an effort to distract the jury's attention from the obvious discrepancies and internal inconsistencies in their testimony, stating that they were much more credible than petitioner, i.e. police officers v. convicted felon." See Dkt. # 1, attached "Statement of Facts Raised on Post-Conviction Appeal." The Court has carefully reviewed the prosecutor's closing arguments, see Dkt. # 19, Tr. Trans. Vol. III at 6-16, 22-25, and finds no impermissible vouching by the prosecutor. Appellate counsel did not perform deficiently in failing to raise this claim on direct appeal.

### d. prosecutorial misconduct -- knowingly using perjured testimony

Lastly, Petitioner contends that the prosecutor knowingly used perjured testimony "when he allowed Officer Downs and Cabellorro [sic] to present testimony that was blatantly contradictory of testimony at preliminary hearing, and riddled with internal inconsistencies." See Dkt. # 1, attached "Statement of Facts Raised on Post-Conviction Appeal." Officer Downs testified consistently that he saw the driver of the vehicle, Petitioner, toss something dark out of the driver's side window. Both Office Downs and Officer Caballero testified that a .25 caliber gun was recovered from the sidewalk a few feet from the vehicle. Although there were minor inconsistencies in the preliminary hearing and trial testimony concerning which officer "recovered" the gun, those inconsistencies could be attributable to memory lapses as opposed to deliberate fabrication rising

to the level of perjury. Appellate counsel did not perform deficiently in failing to raise this claim on direct appeal.

### 3. Improper admission of evidence of prior conviction during first stage

As his second proposition of error, Petitioner claims that the trial court improperly admitted evidence of a prior conviction during first stage. Although he acknowledged that the procedure used during his trial comported with Oklahoma law as set forth in <u>Chapple v. State</u>, 866 P.2d 1213, 1216-17 (Okla. Crim. App. 1993), he requested that the OCCA reconsider the holding of <u>Chapple</u>. <u>See</u> Dkt. # 17, Ex. 2. The OCCA declined Petitioner's request and held that Petitioner "was not denied a fair trial by this procedure, and trial counsel was not ineffective in failing to ask the trial court to withhold all evidence of Appellant's criminal history until the jury had first determined whether he possessed a firearm." (Dkt. # 17, Ex. 4).

"[F]ederal habeas corpus relief does not lie for errors of state law." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991); <u>see</u> <u>also</u> <u>Hooks v. Workman</u>, 606 F.3d 715, 748 (10th Cir. 2010). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle</u>, 502 U.S. at 67-68. "In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" <u>Maes v. Thomas</u>, 46 F.3d 979, 987 (10th Cir. 1995) (quoting <u>Tapia v. Tansy</u>, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" <u>Jackson v. Shanks</u>, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting <u>United States v. Rivera</u>, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of

justice." <u>United States v. Tome</u>, 3 F.3d 342, 353 (10th Cir. 1993) (quoting <u>United States v. Russell</u>, 411 U.S. 423, 432 (1973) (internal quotation omitted)), *rev'd*, 513 U.S. 150 (1995).

Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's application of state law. The trial transcript does not reveal any improper use by the prosecution of the fact of Petitioner's prior conviction. Petitioner is not entitled to habeas corpus relief on this ground.

### 4. Cumulative error

On direct appeal, petitioner alleged that the cumulative effect of trial errors deprived him of a fair trial. <u>See</u> Dkt. # 1. The OCCA rejected this claim, stating that "because we find no error in trial counsel's performance or the trial itself, there can be no accumulation of error." <u>See</u> Dkt. # 17, Ex. 4.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." <u>United States v. Wood</u>, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. <u>Workman v. Mullin</u>, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. <u>Le v. Mullin</u>, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing <u>United States v. Rivera</u>, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in this case, the Court finds no basis for a cumulative error analysis. Petitioner is not entitled to habeas corpus relief under § 2254(d).

### 5. Excessive sentence

As his fourth ground of error, Petitioner alleges that his sentence of fifty years is excessive.

On direct appeal, the OCCA determined that:

> Appellant had more than one prior felony conviction. His possession of a firearm was not technical or theoretical; he was actually transporting a pistol, with a full clip and a bullet in the firing chamber, when he was stopped by the police. The heightened potential for violence created by Appellant's conduct is precisely the situation sought to be avoided by barring convicted felons from possessing firearms. While the fifty-year sentence recommended by the jury was harsh, we cannot say it was shocking to the conscience or the result of improper evidence or argument. *Lee v. State*, 1977 OK CR 48, ¶ 35, 560 P.2d 226, 233.

(Dkt. # 17, Ex. 4)

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review. The Court agrees. A federal habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Habeas corpus review generally ends "once we determine the sentence is within the limitation set by statute." Id. Under Oklahoma law, the maximum sentence faced by Petitioner on his conviction for Felonious Possession of a Firearm, After Former Conviction of a Felony, was life imprisonment. See Okla. Stat. tit. 21, § 51.1(A)(2). The fifty year sentence received by Petitioner was within the statutory range provided by Oklahoma law. He is not entitled to habeas corpus relief on this claim.

**D. Procedural bar**

In grounds 5-9 of his habeas petition, Petitioner identifies the five grounds of error raised in his state post-conviction proceeding. See Dkt. # 1. In affirming the denial of post-conviction relief, the OCCA declined to consider the first four post-conviction claims as a result of Petitioner's failure to raise the claims on direct appeal. See Dkt. # 17, Ex. 9. The OCCA further determined that Petitioner was not entitled to post-conviction relief on his claim of ineffective assistance of appellate counsel. Id.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes, 46 F.3d at 985; Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, the OCCA imposed a procedural bar on Petitioner's post-conviction claims. See Dkt. # 17, Ex. 9. Citing state law, the OCCA determined that "[c]laims that could have been raised upon direct appeal but were not are waived." Id. at 2. As a result of the OCCA's ruling on post-conviction appeal, the Court finds that Petitioner's grounds 5-8, seeking habeas relief on claims

raised on post-conviction appeal, are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise the claims on direct appeal is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." <u>Maes</u>, 46 F.3d at 985. In addition, the state procedural bar is adequate to preclude habeas corpus review of grounds 6, 7, and 8. <u>Sherrill v. Hargett</u>, 184 F.3d 1172, 1175 (10th Cir. 1999).

As to Petitioner's claims of ineffective assistance of trial counsel identified in ground 5, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." <u>Id.</u> at 1364 (citing <u>Osborn v. Shillinger</u>, 861 F.2d 612, 623 (10th Cir. 1988)). In <u>English v. Cody</u>, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." <u>Id.</u> at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in <u>English</u>, the Court finds that the procedural bar imposed by the OCCA on Petitioner's ground 5 ineffective assistance of trial counsel claims is adequate to preclude federal habeas review. Petitioner was represented at trial by attorney Gina Crabtree. On direct appeal, Petitioner was represented by attorney James L.

Hankins. For purposes of the first requirement identified in <u>English</u>, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

The second <u>English</u> factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. <u>Id.</u> at 1263-64. In applying a procedural bar to Petitioner's post-conviction claims, including his claim of ineffective assistance of trial counsel, the OCCA stated that the claims could have been but were not raised on direct appeal. <u>See</u> Dkt. # 17, Ex. 9 at 2. Even if his defaulted claims could not all be resolved on the record alone, Petitioner has failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. <u>See</u> <u>Hooks v. Ward</u>, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Petitioner did not file a reply to Respondent's response and has not otherwise addressed the procedural bar defense urged by Respondent. As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his ground 5 claims of ineffective assistance of trial counsel are procedurally barred.[5]

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. <u>See</u> <u>Coleman</u>, 501 U.S. at 750; <u>Demarest v. Price</u>, 130 F.3d

---

[5]    Even if Petitioner's claims of ineffective assistance of trial counsel are not procedurally barred, they are without merit as discussed in Part B(1)(b) herein.

922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

The Court recognizes that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray, 477 U.S. at 488-89. However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner raised a claim of ineffective assistance of appellate counsel on post-conviction appeal. The Court has determined above, however, that appellate counsel did not provide ineffective assistance in failing to raise the defaulted claims on direct appeal. Therefore, Petitioner has failed to demonstrate "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle,

216 F.3d 918, 923 (10th Cir. 2000) (citing <u>Herrera</u>, 506 U.S. at 404). In this case, Petitioner does not assert a claim of "actual innocence," although he alleges that he suspected the police officers planted the gun. However, he fails to make a "colorable showing" of factual innocence. He presents no "new evidence" supporting his theory that the police officers planted the gun. He does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that the defaulted claims, as identified in ground 5-8 of the petition, are procedurally barred. <u>Coleman</u>, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on those claims.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment shall be entered in this matter.

**DATED** this 15th day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT